UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA LENOIR,<br><br>               Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>               Defendant. | Case No. EDCV 09-01542-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On August 19, 2009, Sonya Lenoir ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for both Social Security Disability Insurance benefits and Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on January 15, 2010. On March 11, 2010, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and the case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 46 year old female who was found to have the medically determinable severe impairments of obesity, a history of gallbladder removal with residual pain, and a history of alcohol abuse with subsequent mood disorder.  (AR 11.)  Plaintiff has not engaged in substantial gainful activity since October 16, 2006, the alleged onset date.  (AR 11.)

Plaintiff's claim for Social Security Disability Insurance benefits and Supplemental Security Income SSI benefits was denied initially on August 10, 2007, and on reconsideration on September 25, 2007.  (AR 9.)  Plaintiff requested a hearing, which was held before Administrative Law Judge ("ALJ") Mason D. Harrell, Jr. on February 11, 2009, in San Bernardino, California.  (AR 9.)  The ALJ issued an unfavorable decision on March 27, 2009.  (AR 9-18.)  The ALJ found that Plaintiff could perform light work with some limitations.  (AR 12-16.)  The ALJ then determined that, although Plaintiff was unable to perform her prior relevant work, there are jobs in the national economy that she can perform.  (AR 16.)  As a result, the Claimant has not been under a disability within the meaning of the Social Security Act from the alleged onset date through the date of decision.  (AR 17.)

Plaintiff requested review of the hearing decision, which was denied by the Appeals Council on June 28, 2009.  (AR 1.)

**DISPUTED ISSUE**

As reflected in the Joint Stipulation, the only disputed issue that Plaintiff raises as a ground for reversal is as follows:

1. Whether the ALJ properly considered Plaintiff's subjective complaints and the subjective statements of Plaintiff's mother and properly assessed their credibility.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "'more than a mere scintilla'. . . but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402

U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746.  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id.  If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).  Before making the step four

determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given the RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**DISCUSSION**

The ALJ considered and properly discounted Plaintiff's subjective pain complaints and her mother's statements in determining Plaintiff's RFC. Substantial evidence supports these determinations. The ALJ's step five determination that Plaintiff can perform other jobs in the national economy is supported by substantial evidence and free of legal error.

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

### A. Plaintiff's Abdominal Pain

In 2006, Plaintiff underwent a difficult gallbladder surgery that was botched. (AR 14.) The surgical team left a sponge pad inside her, resulting in an abscess. (AR 24.) In all, Plaintiff underwent three surgeries. (AR 14, 24.)

At the February 11, 2009, hearing, Claimant testified that she cannot work because of continuing severe abdominal pain since the gallstone surgeries. (AR 25.) She also alleged back and chest pain. (AR 25.)

Dr. Landau, a non-examining, non-treating expert, reviewed Plaintiff's medical records. He identified as medically determinable impairments "chronic abdominal pain of undetermined cause," obesity, fatty liver, and psychiatric disorders. (AR 27.)

As to the alleged continuing abdominal pain, Dr. Landau noted that the abscess had been resolved. (AR 29.) There also had been numerous CT scans of the abdominal area that were unremarkable (AR 27), showing no intestinal obstructions. (AR 29.) Dr. Landau testified that there was no objective illness, pathology or etiology that would explain the severe degree of pain alleged, notwithstanding extensive investigations. (AR 27-29.) He noted that one treatment record ascribed possible "psychogenic" pain as a diagnosis. (AR 14-15, 27, 29, 583.)

Dr. Landau assessed Plaintiff's RFC as able to stand, walk or sit for six hours, and able to lift up to 10 pounds frequently or occasionally. (AR 27.) He testified that Plaintiff could climb stairs but not ladders or work at heights or operate motorized equipment. (AR 27.) Accepting these limitations, the ALJ found that Plaintiff could perform limited light work. (AR 12.)

The ALJ relied heavily on Dr. Landau's testimony in discounting Plaintiff's abdominal pain allegations. (AR 15.) The ALJ was entitled to do so. The opinion of a non-examining, non-treating physician constitutes substantial evidence when not contradicted by all other evidence and when it is consistent with and supported by independent medical evidence in the record. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Lester v. Chater, 81

F.3d 821, 830-31 (9th Cir. 1996); Morgan, 169 F.3d at 600.  Dr. Landau's opinion was based on all the medical evidence (AR 28-29), none of which was disputed or rebutted.

### B. The ALJ Properly Discounted Claimant's And Claimant's Mother's Credibility

Plaintiff alleges continuing, chronic, severe abdominal pain since her 2006 gallbladder surgery.  The ALJ discounted Plaintiff's subjective pain testimony as to her alleged abdominal pain.  Plaintiff's sole challenge here is to that determination.

The ALJ found that Plaintiff's medically determinable severe impairments reasonably could be expected to produce her alleged symptoms.  (AR 14.)  Nonetheless, the ALJ determined that Plaintiff's statements about the intensity, persistence and limiting effects of her symptoms "are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (AR 14.)  The ALJ's credibility finding is supported by substantial evidence.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces objective medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1281-82 esp. n. 2 (9th Cir. 1995); Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986).  Once the claimant produces objective medical evidence of an underlying impairment, the ALJ may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds the claimant's subjective symptom testimony not credible, the ALJ must make specific findings that support this conclusion.  Bunnell, 947 F.2d at 345.  The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d 949, 958 (9th Cir. 2002); Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345.  Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a

claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Reddick, 157 F.3d 722; Smolen, 80 F.3d at 1283-84. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

In this case, the ALJ did not make any finding of malingering. Thus, the ALJ can reject Claimant's testimony on the severity of her abdominal pain only with "specific, clear and convincing reasons." Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1283-84. The ALJ did so.

First, the ALJ proffered that, notwithstanding extensive investigation, there was no pathology or illness that would support Plaintiff's abdominal pain symptoms and that none of the medical source opinions found a severe impairment or any limitations. (AR 15, 514, 535, 593, 616-17, 635.) The lack of objective medical evidence, however, is not by itself dispositive. Bunnell, 947 F.2d at 345 (once the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (subjective testimony cannot be rejected on "sole" ground that objective medical evidence is lacking). There must be other evidence. Even though not determinative of the severity of pain, the medical evidence is nonetheless a relevant factor in evaluating a claimant's subjective symptoms. Rollins, 261 F.3d at 857; Smolen, 80 F.3d at 1285. Here, the medical evidence is compelling and unrebutted.

Second, the ALJ noted that, despite Plaintiff's pain allegations, she was taking only over the counter pain medications. Conservative treatment is an indication that the pain is not as intense as alleged. Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (evidence of conservative treatment or lack of treatment is sufficient to discount a claimant's testimony regarding the severity of his or her pain); Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (same). No physician has prescribed medication or treatment for her abdominal pain because there is no etiology for it. (AR 16.)

Third, the ALJ observed that, despite Plaintiff's claim that she is bedridden most of the time (AR 212, 205, 36), there was no muscle atrophy. Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (likely consequence of debilitating pain is inactivity and likely consequence of inactivity is muscular atrophy).

The Court does not credit the ALJ's assertion that Plaintiff did not need a cane because Plaintiff never asserted she did and, in any event, the cane related to lumbar difficulties not her abdominal pain. The fact that one reason offered by the ALJ is not a proper basis to discount a claimant's credibility does not mean the ALJ's overall determination of Plaintiff's credibility is incorrect. Batson v. Comm'r, 359 F.3d 1190, 1197 (9th Cir. 2004) (even if one reason improper, such error does not negate overall correctness of ALJ credibility determination).

The Court also does not credit the Commissioner's assertion that Plaintiff's performance of ordinary mental and physical activities of daily life undermines her pain allegations. The ALJ did not make that assertion or find that Plaintiff's daily activities translated to the workplace. (AR 13.) See, e.g., Burch, 400 F.3d at 681 (daily activities are a reasonable basis to discredit a claimant's credibility if transferable to the work place).

The ALJ properly considered and rejected Plaintiff's mother's statements. (AR 14, 206, 208, 215-20.) An ALJ can reject lay witness evidence for reasons germane to each witness whose testimony he rejects. Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). Here, the ALJ found the mother's statements were not supported by objective medical evidence. (AR 14.) See Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) (inconsistency with the medical evidence is reason to reject lay witness testimony). The ALJ also noted the mother's financial self-interest which was not an unreasonable consideration. Bunnell, 947 F.2d at 346 (ALJ can use normal techniques of credibility evaluation to determine the validity of subjective complaints).

The ALJ properly discounted Plaintiff's credibility because he made findings sufficiently specific to permit the court to conclude that Claimant's testimony was not arbitrarily discredited. Thomas, 278 F.3d at 958; Bunnell, 947 F.2d at 345-46 (ALJ findings entitled to deference if properly supported by record and sufficiently specific to allow reviewing court to conclude that the ALJ rejected claimant's testimony on permissible grounds and did not arbitrarily discredit claimant's subjective pain symptoms). Determining credibility is generally the province of the ALJ. Andrews, 55 F.3d at 1043.

The ALJ properly discounted Plaintiff's pain symptoms for specific clear and convincing reasons based on substantial evidence.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing the case with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 7, 2010                    */s/ John E. McDermott*
                                          JOHN E. MCDERMOTT
                                          UNITED STATES MAGISTRATE JUDGE